ROTHSCHILD, J., Concurring.
Concurring in the judgment:
I agree that the superior court did not abuse its discretion by declining to issue a stay. I also agree that the judgment should be affirmed, but I write separately because my reasoning differs from the majority’s.
Apart from the stay, the threshold issue is whether the proceedings in the superior court to confirm, vacate, or modify the award should have been governed by the California Arbitration Act (CAA) or the Federal Arbitration Act (FAA; 9 U.S.C. § 1 et seq.). Under Valencia v. Smyth (2010) 185 *1442 Cal.App.4th 153, 174 [110 Cal.Rptr.3d 180], “the procedural provisions of the CAA apply in California courts by default,” and “the FAA’s procedural provisions ... do not apply unless the contract contains a choice-of-law clause expressly incorporating them.” (Italics & citations omitted.)
The superior court was therefore correct to apply the CAA unless the parties expressly agreed that the FAA would govern. But the parties did expressly agree in writing to be bound by the JAMS Comprehensive Arbitration Rules & Procedures, including rule 25, which provides as follows: “Proceedings to enforce, confirm, modify or vacate an Award will be controlled by and conducted in conformity with the Federal Arbitration Act, 9 U.S.C. Sec 1 et seq. or applicable state law.” The rule thus calls for application of both federal and state law. Unfortunately, the rule does not say which law applies in which circumstances, and there is no federal or state case law (inside or outside Cal.) interpreting it.
In my view, JAMS rule 25 should be interpreted to mean that proceedings to enforce, confirm, modify, or vacate an award are to be governed by whatever state or federal law would apply by default. That is, state procedural law will apply in state court, federal procedural law will apply in federal court, and insofar as the proceedings call for the application of substantive law, the governing law shall be selected according to whatever choice-of-law rules would otherwise be applicable (e.g., a Cal. court will apply Cal. choice-of-law rules).
Travelers’s only argument against this interpretation is that, so interpreted, JAMS rule 25 is superfluous because it merely calls for application of the same legal rules that would apply if rule 25 itself did not exist. I agree that that is the effect of my interpretation, but I do not believe that it renders my interpretation implausible, particularly in the absence of a more plausible alternative. JAMS rule 25 reflects that, for purposes of proceedings to enforce, confirm, modify, or vacate an award, JAMS (and any parties who agree to the JAMS rules) intended to leave the law as it is. The rule provides an answer to the question of which law to apply in such proceedings, and the answer is: the same law that would apply by default.
Travelers argues, to the contrary, that JAMS rule 25 means that the FAA should apply if the dispute arises from a transaction in interstate commerce, and state law should apply otherwise. The concept of interstate commerce, however, is exceptionally broad and malleable. (See, e.g., Wickard v. Filburn (1942) 317 U.S. 111, 118-129 [87 L.Ed. 122, 63 S.Ct. 82].) It would be anomalous for a JAMS rule to compel state courts throughout the country, in a large number (and perhaps an overwhelming majority) of arbitration cases, to adhere to procedures that were foreign to those courts. And if JAMS had *1443 intended to effect such a sweeping imposition of federal procedural law on state courts, it is unlikely that JAMS would have used a rule as opaque and ambiguous as rule 25 to accomplish that purpose.[1]
I conclude that the most plausible interpretation of JAMS rule 25 is that it calls for the application of state procedural law in state courts and federal procedural law in federal courts. The trial court therefore was correct in choosing to apply the CAA.
The only remaining issue is whether the arbitrator exceeded his powers. In calculating the amount of attorney fees to award as damages on the bad faith claim under Brandt v. Superior Court (1985) 37 Cal.3d 813 [210 Cal.Rptr. 211, 693 R2d 796] (Brandt), the arbitrator used a percentage of the sum of the breach of contract damages and the bad faith punitive damages, rather than a percentage of the contract damages alone. The arbitrator’s approach appears to be legally erroneous (Cassim v. Allstate Ins. Co. (2004) 33 Cal.4th 780, 807-812 [16 Cal.Rptr.3d 374, 94 P.3d 513]), and no party advocated it. To the contrary, both parties’ submissions to the arbitrator calculated the fees as a percentage of the contract damages alone.
Arbitrators’ awards are not reviewable for mere legal error, but The Travelers Indemnity Company of Connecticut argues that the arbitrator exceeded his powers, within the meaning of Code of Civil Procedure sections 1286.2, subdivision (a)(4), and 1286.6, subdivision (b), by calculating the fee award in a manner different from the method proposed by both parties. I disagree. It is undisputed that, pursuant to the parties’ agreement, the arbitrator had the power to award Brandt fees. The parties did not restrict that power by jointly adopting a particular calculation method in their submissions. If, for example, the submissions of both parties had advocated a calculation method that was legally (or even mathematically) incorrect, their submissions would not have deprived the arbitrator of the power to issue a legally (and mathematically) correct award.
In arguing to the contrary, Travelers relies upon Totem Marine Tug & Barge v. North American Towing (5th Cir. 1979) 607 E2d 649 (Totem Marine), which the Supreme Court cited with approval in Advanced Micro Devices, Inc. v. Intel Corp. (1994) 9 Cal.4th 362, 382 [36 Cal.Rptr.2d 581, 885 P.2d 994]. In Totem Marine, the arbitrators awarded “damages for charter hire” (i.e., the lost rental value of a boat) even though the claimant expressly conceded in its written submissions “that charter hire was not an issue in the arbitration.” (Totem Marine, supra, 607 F.2d at p. 651.)
*1444 Totem Marine is distinguishable because it is undisputed that Brandt fees were an issue in the arbitration in this case. In Totem Marine, the claimant did not merely concede that a particular method of calculating the amount of damages for charter hire was correct; rather, the claimant expressly conceded “that charter hire was not an issue in the arbitration” at all. (Totem Marine, supra, 607 F.2d at p. 651.) Here, because Brandt fees were undeniably an issue in the arbitration, the arbitrator had the power to award them and thus had the power to calculate the amount to be awarded, even if his method of calculation differed from the method advocated by both parties. And the legal correctness of the arbitrator’s chosen method of calculation is not judicially reviewable.
For all of the foregoing reasons, I agree that the judgment of the superior court should be affirmed, and I therefore concur in the judgment.
On October 23, 2013, the opinion was modified to read as printed above. Appellant’s petition for review by the Supreme Court was denied January 15, 2014, S214445. Corrigan, J., did not participate therein.

 Regardless of whether I am right about the proper interpretation of JAMS rule 25, JAMS might wish to consider revising the rule so as to clarify when the FAA or, alternatively, state law should govern proceedings to enforce, confirm, modify, or vacate an award.